UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES, PLUMBERS' LOCAL UNION NO. 93 UA, *et al.*, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 C 6452 |
| v. | ) ) | Judge Joan B. Gottschall |
| S&K PLUMBING, CO., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Board of Trustees of the Plumbers' Local Union No. 93, *et al.* (the "Union") moves to strike a portion of Defendant S & K Plumbing, Co.'s ("S & K's") Answer and its sole affirmative defense under Federal Rule of Civil Procedure 12(f). The motion is denied for the reasons set forth below.

### I. BACKGROUND

The Union filed a complaint (the "Complaint") alleging that S & K failed to make benefit contributions to the Union over a three-year period between 2005 and 2008. As a remedy, the Union seeks damages along with audit and attorneys' fees under the authority of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.

### II. ANALYSIS

The Union argues that S & K's answer to Paragraph 9 of the Complaint should be stricken because it does not conform to Federal Rule of Civil Procedure 8(b) which requires a responsive pleading to admit an allegation, deny it, or state in the alternative that the respondent lacks sufficient information to respond to the allegation. *See* Fed. R. Civ. P. 8(b). S & K's disputed response and the relevant allegation appear below:

> Pursuant to the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the INDUSTRY FUND on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorneys [sic] fees and costs of maintaining suit.

Compl. ¶ 9.

> Defendant S & K Plumbing Co. denies the allegations of paragraph 9 as to the terms of the Collective Bargaining Agreement, and neither admits nor denies the allegations as to the Trust Agreements as neither it nor its principal have ever seen a copy of said Trust Agreements.

Answer ¶ 9. While S & K's answer to paragraph 9 of the Complaint does not recite the language in Rule 8(b)(5) (instructing a party that "lacks knowledge or information sufficient" to admit or deny an allegation to so state), the obvious implication of S & K's averment that it has not "ever seen a copy of the said Trust Agreements" is that S & K lacks the necessary information to form a belief as to the truth of the Union's allegation. Fed. R. Civ. P. 8(b)(5). S & K's answer to paragraph 9 of the Complaint therefore conforms with Rule 8(b) and the Union's motion to Strike the paragraph is accordingly denied.

The Union also moves to strike S & K's affirmative defense, arguing that it contains "factually incorrect information," restates the denials in the answer, and cannot be sustained because S & K did not admit the Union's allegations. Mot. 3. Additionally, the Union asserts in reply that S & K's affirmative defense must fail because it cannot withstand a challenge under Rule 12(b)(6).[1]

The Union's arguments for striking S & K's affirmative defense are inapposite. First, the Union's contention that S & K's Answer misrepresents the date on which the Union stopped paying certain welfare benefits to S & K's employees as "early on in calendar year 2008,"

---
[1] Rather than deem the Union's argument waived, the court gave S & K leave to respond to the Union's new theory.

(Answer ¶ 2) when the actual dates were in June and July, is a factual dispute[2] that cannot and need not be resolved at the pleading stage, where all allegations are considered true. *See Renalds v. S.R.G. Rest. Group*, 119 F. Supp 2d 800, 802 (N.D. Ill. 2000) (when reviewing a motion to strike "the court must accept all factual allegations as true").

The Union's contention that S & K's affirmative defense is void as redundant is also misplaced. While portions of S & K's affirmative defense may be repetitive, S & K asserts facts in the affirmative defense that were not contained in its Answer to the allegations in the Complaint. Parties are permitted to state their pleadings in the manner which they prefer so long as they conform to the Federal Rules of Civil Procedure; the Union points to no authority that says otherwise. Moreover, the court declines to exercise its discretion under Rule 12(f) to excise the portions of S & K's affirmative defense that the Union finds duplicative because the redundant allegations do not clutter the case. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 833 F.2d 1286, 1294 (7th Cir. 1989) (striking an affirmative defense is generally disfavored, but may be appropriate where it removes "unnecessary clutter").

The Union additionally argues that S & K's affirmative defense is improperly pled because S & K has denied the Union's allegations and "an affirmative defense is an admission of the facts alleged coupled with an assertion of some other reason as to why defendant is not liable." *See* Mot. 3 (citing *Cohn v. Taco Bell Corp.*, No. 92 C 5852, 1995 WL 247996 at *3 (N.D. Ill. 1995)). Rule 8, however, does not adopt the restrictive definition the Union cites. *See* Fed. R. Civ. P. 8(d) ("a party may state as many separate claims or defenses as it has, regardless of consistency"). Moreover, *Cohn* (the case the Union relies on for this point of law) cites to another Northern District of Illinois opinion that concedes that the boundaries of an affirmative

---

[2] The "Affidavit of Termination of Health and Welfare Benefits" (Mot., Ex. 2) which the Union submitted as evidence that S & K misrepresented the dates of termination in its affirmative defense, does not resolve the issue, but only points to a factual dispute to be resolved at a later stage of the litigation.

3

defense are "imprecise" and notes a competing definition: "something that raises a matter outside the scope of plaintiff's prima facie case, and is thus a matter not raised by a simple denial." *Bobbit v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill 1982). S & K's affirmative defense meets the latter definition because it alleges that collecting on a portion of the Union's damages claim would be inequitable because the damages would not accrue to the S & K's employees who were denied benefits in 2008 as a result of S & K's nonpayment. These statements raise issues beyond the Union's prima facie case and therefore may be pled as an affirmative defense.

Finally, the Union argues in reply that S & K's affirmative defense must be stricken because it could not survive a Rule 12(b)(6) challenge. *See* Reply 2. In support of dismissal under this standard, the Union relies on *Moriarty v. Glueckert Funeral Home, Ltd.*, 925 F. Supp. 1389, 1392 n. 7 (N.D. Ill. 1996) which states that:

> Courts generally recognize only three defenses under Section 1145: (1) the pension contributions themselves are illegal, (2) the collective bargaining agreement is void ab initio, as where there is fraud in the execution, and not merely voidable, as in the case of fraudulent inducement, and (3) the employees have voted to decertify the union as its bargaining representative, thus prospectively voiding the union's collective bargaining agreement.

*Id.* (citing *Agathos v. Starlite Motel*, 977 F.2d 1500, 1505 (3d Cir. 1992)). This single citation does not satisfy the Union's burden to show that S & K's affirmative defense must be stricken as a matter of law. Setting aside that this language is non-binding, the citation fails to support the Union's theory on its own terms. *Moriarty* only states that courts "generally" recognize three defenses under § 1145. A statement that courts generally behave in a certain way is distinct from a holding that a court is bound to act in a specific manner; nowhere does the Union's citation proscribe the specific affirmative defense S & K raises here. The Union has therefore failed to establish that S & K's affirmative defense is uncognizable as a matter of law.

### III. CONCLUSION

The Union's motion to "Strike Defendant's Answer and Affirmative Defense" is denied.

        ENTER:

        /s/
        JOAN B. GOTTSCHALL
        United States District Judge

DATED: August 11, 2009